[Cite as *Whitmore v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-883.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD WHITMORE

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2008-10366

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>

{¶ 1}  Plaintiff brought this action alleging negligence.  After a trial on the issue of liability, the court rendered judgment in favor of plaintiff on one of his three claims. The case then proceeded to trial on the issue of damages.

{¶ 2}  At all times relevant, plaintiff was an inmate in the custody and control of defendant at the London Correctional Institution (LCI) pursuant to R.C. 5120.16.  On January 9, 2008, plaintiff fell from the upper bunk in his cell and suffered injuries to his left leg and the back of his head.  On December 7, 2007, plaintiff had been issued a lower-bunk restriction that defendant failed to honor, and defendant was therefore found liable to plaintiff for any injuries caused as a proximate result of the January 9, 2008 fall.

{¶ 3}  Plaintiff testified that prior to the fall he had an extensive history of medical issues, including four surgeries on his right knee, two surgeries to his left knee, two torn bicep muscles, and a fracture to the C2 vertebra caused by a suicide attempt.  Plaintiff stated that his physical condition at the time of the fall was "not good" and that this is what necessitated the issuance of the bunk restriction.  He further stated that as a result

of the prior surgeries, his right knee was in "pretty bad" condition, but that his left knee was "ok." In describing the fall, plaintiff testified that he is five feet, four inches tall, that the upper bunk is approximately five feet off the floor, and that he would stand on his locker box to aid in climbing into the bunk. He testified that on January 9, 2008, while he was attempting to climb into the bunk, his left arm "gave out," he began to fall backward and when he attempted to break his fall with his left leg, his knee twisted and he fell backward hitting the back of his head on the cell wall. Plaintiff stated that, after the fall, his left knee swelled such that he needed crutches to walk, and that he felt severe pain in his left knee and in the back of his head and neck. According to plaintiff, he was provided ice and two pain medications by the LCI infirmary.

**{¶ 4}** Four days after the fall, plaintiff was placed in segregation for a rules infraction. On January 22, 2008, plaintiff was still in segregation when he fell a second time while attempting to climb into an upper bunk. Plaintiff had been sleeping on the floor of the cell because there were not any lower bunks available in the segregation unit. However, on the night of the fall, he got cold and attempted to climb into the bunk without first notifying LCI staff. The court previously found that plaintiff failed to exercise reasonable care to ensure his own safety when he did so and that defendant was not liable for any injury suffered as a result of that fall. At the damages trial plaintiff testified that one of the reasons he fell the second time was that his left knee was severely weakened by the first fall. Plaintiff explained that he was confused at the liability trial when he testified that he had twisted his left knee in the second fall, and that he actually suffered an injury to his right knee in the second fall and not his left knee.

**{¶ 5}** Plaintiff testified that he continued to take medication for pain in his left knee throughout much of 2008. On June 19, 2008, an MRI showed medial and lateral meniscus tears. Plaintiff underwent surgery on September 1, 2008, to repair the tears. Plaintiff stated that he was "laid up" for approximately two weeks after surgery and that he was prescribed pain medication for a short time. The only pain medication he

currently takes is for osteoarthritis.

**{¶ 6}** The court finds that plaintiff failed to establish that the permanent injuries to his left knee were caused by the January 9, 2008 fall. Accordingly, plaintiff is entitled to damages for the pain and suffering caused by the injury to the back of his head and for the pain and loss of use related to his left knee only for the period of time between the first and second fall.

**{¶ 7}** Based upon the foregoing, judgment is recommended in favor of plaintiff in the amount of $5,025, which includes the $25 filing fee.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Douglas R. Folkert                    Richard F. Swope
Assistant Attorney General            6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor       Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MR/cmd
Filed January 31, 2011

To S.C. reporter February 22, 2011